IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

**ROSALYNN CROSS WITHERSPOON,**

    **Plaintiff,**

v.                                                  Civil Action No. 1:07-0802

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

### I.   Factual and Procedural Background

On December 10, 2007, while an inmate at FPC Alderson,[1] plaintiff filed a Complaint alleging deliberate indifference in the medical care she received while incarcerated.  Named as defendants are: 1) the United States of America; 2) Debra Hickey, former Warden of FPC Alderson; 3) Alice Lowe, Assistant Warden; 4) James Blankenship, Health Services Administrator; 5) Dr. Neal Rehburg, Clinical Director; and 6) Dr. Callaway.  Specifically, plaintiff alleges that she received inadequate medical care for her skin cancer and suffered a number of adverse consequences as a result thereof.  In her Complaint, she seeks the following relief:

> I ask for my face to be repaired, teeth, and the disfigurement of my face, due to lack of care and failure to follow treatment plan that was given by the

---

[1] The Bureau of Prisons' ("BOP") Inmate Locator indicates that plaintiff was released from custody on April 3, 2009.

>   surgeon Dr. Paine. I should be compensated monetarily and I ask for 2 (two) million dollars for this. Also I ask to be compensated for the pain and suffering I endured in this an [sic] still am suffering with today because of all of this.

Complaint p.5.

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Proposed Findings and Recommendation ("PF&R") on July 8, 2010, in which he recommended that the District Court: 1) grant defendants' motion to dismiss and/or for summary judgment; dismiss plaintiff's complaint, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de novo</u> review by this court. Plaintiff timely filed objections to the PF&R.[2] The court has conducted a <u>de novo</u> review of plaintiff's complaint and her objections to the magistrate

---

[2] On July 16, 2010, plaintiff requested additional time in which to file objections to the PF&R. By Order entered July 21, 2010, the court granted plaintiff's motion and she was given until August 9, 2010, to file her objections.

judge's PF&R. For reasons discussed below, this court adopts in part and denies in part Magistrate Judge VanDervort's PF&R, and remands this case to Magistrate Judge VanDervort for further proceedings consistent with this Memorandum Opinion and Order.

## II. Analysis

A.  *Objection No. 1*

Witherspoon's first objection reads as follows: "The <u>negligence</u> of the staff in the alteration of the names and the continued use of it after weeks of knowing it was inaccurate but still using the name. Defendants did this in scheduling appointments with Dr. Blaine and the furlough to the appointment even after knowledge of the fact it was altered name with plenty of time to correct but failed to do so." Objections at 1 (emphasis added). As Magistrate Judge VanDervort correctly concluded, there is no evidence that the incorrect use of plaintiff's first name delayed or negatively altered the medical treatment she was provided. Furthermore, as she concedes, any confusion regarding her name was at most negligent. "Put simply, negligent medical diagnoses or treatment, without more, do not constitute deliberate indifference." <u>Webb v. Hamidullah</u>, 2008 WL 2337608, *6 (4th Cir. 2008); <u>Sosebee v. Murphy</u>, 797 F.2d 179, (4th Cir. 1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth

3

Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  For these reasons, plaintiff's first objection is OVERRULED.

**B.**   ***Objections No. 2, 3, and 4***

Plaintiff's next three objections appear to be directed at her allegations that she received an inadequate liquid diet while recovering from surgery.  Specifically, she states:

> 2. I had visits with Pre surgery of education for the care plan that included the diet to be used which was medically necessary due to mouth being closed but now is not being looked at with the same medical view. Eighth Amendment.
>
> 3. I was required to eat at the Health Services building due to this diet which was medically prescribed because of the surgery to come, evidence submitted.  Eighth Amendment[.]
>
> 4. According to Alderson's Institution Supplement 6031.01 number 9a Diets: Special Diets will only be prescribed (authorized) by the Clinical Director, Chief Psychiatrist, or Chief Dentist.  Dr. Rehburg prescribed this medically necessary diet.

Objections at 1-2.  The magistrate judge concluded that plaintiff had failed to exhaust her administrative remedies with respect to this claim and that, therefore, it should be dismissed.

The Prison Litigation Reform Act (the "PLRA") states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); see also

4

Anderson v. XYZ Corr. Health Serv., Inc., 407 F.3d 674, 675 (4th Cir. 2005). The Supreme Court has stated that the PLRA's exhaustion requirement requires proper exhaustion - - using all the steps the agency holds out and doing so properly. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

The court agrees with Magistrate Judge VanDervort that plaintiff has failed to exhaust her administrative remedies with respect to this claim and, therefore, her objections are OVERRULED.[3]

C. *Objections No. 5, 9, 10, 13, 14, and 17*

This set of objections is directed at the medical care plaintiff received and, in particular, her follow-up care after the surgery to remove the skin cancer from her lip. She objects:

>   5.  My post-op surgical care follow up was approved, as submitted, but I was never taken for the post-op care. All defendants.
>
>   9.  I did not want repair of the scar I did request the repair to fix my lip that had so much tension it had caused swelling and a mushroom look to the lip. This request is in the administrative remedy.
>
>   10. Number 5a in the Program Statement opi HSD, number 6311.04, dated March 21, 1996, subject of plastic surgery and identification records of FBOP states: "In circumstances where plastic surgery is a component of the presently medically necessary standard of treatment, the Clinical director shall forward the surgery request to the Office of Medical Designations

---

[3] In any event, the court finds that the record does not support plaintiff's allegation that she was given an inadequate liquid diet. See Proposed Findings and Recommendation at 17 n.10.

> and Transportation for approval. Examples of when plastic surgery is a component of the presently medically necessary standard for treatment are: the emergency repair of lacerations (e.g., facial lacerations, lacerations secondary to trauma), and when reconstructive surgery follows standard surgical procedures (e.g., reconstructive surgery following mastectomies due to cancer, etc.)".
>
> 13. If a medical condition significantly affects daily activities; and the existence of chronic and substantial pain, it should mandate treatment even to the obvious lay person. Failure to treat would result in further significant possible injury or infliction of pain.
>
> 14. Actionable harm from inadequate medical care includes a failure to carry out medical orders. Defendants failed to comply with Dr. Paine's plan of care and post-op care.
>
> 17. Federal officers are liable for "constitutional torts" to the same extent as state officials under 42 U.S.C. § 1983.

Objections at 2-4.

The record in this case shows that plaintiff arrived at Alderson on October 20, 2006. On October 24, 2006, she went to sick call where she reported possible skin cancer (lesion) on her face. Dr. Rehburg evaluated the lesion, on November 1, 2006, and performed a biopsy. Plaintiff informed Dr. Rehburg that she first noticed the lesion a year and a half earlier. Dr. Rehburg noted that the diagnosis was questionable basal cell carcinoma of the upper lip.

The pathology report on the biopsy revealed "deeply infiltrating basal cell carcinoma [with] all margins involved" and, on November 16, 2006, plaintiff was directed to make an

appointment concerning her biopsy results.  Plaintiff was informed of the results no later than December 6, 2006, and by December 21, 2006, she had been referred to and seen by a plastic surgeon, Dr. David A. Blaine.

Dr. Blaine recommended surgery but determined plaintiff would have to be cleared by a cardiologist prior to surgery. Pursuant to Dr. Blaine's instructions that she receive a medical clearance for her heart condition, on February 2, 2007, defendant was evaluated by an outside cardiologist.  The basal cell carcinoma was removed form plaintiff's lip on March 29, 2007.

After surgery, plaintiff was seen by her surgeon, Dr. Paine, four times.  In addition, she was seen numerous times by Alderson medical personnel.  And, although her request for plastic surgery on her scar was denied, there is no evidence to suggest that such surgery was medically necessary.

It is well-settled that a prison official may violate an inmate's Eighth Amendment right to be free from cruel and unusual punishment if the official shows a deliberate indifference to the inmate's serious illness or injury.  See Estelle v. Gamble, 429 U.S. 97, 102 (1976).  The test for deliberate indifference involves both an objective and a subjective component.  The alleged deprivation must be objectively, "sufficiently serious" and the prison official must know of and disregard an excessive risk to inmate health and safety.  Farmer v. Brennan, 511 U.S.

825, 834-37 (1994). According to the Fourth Circuit:

> To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness. . . . Deliberate indifference may be demonstrated by either actual intent or reckless disregard. . . . A defendant acts recklessly by disregarding a substantial risk of danger that is either known to the defendant or which would be apparent to a reasonable person in the defendant's position. . . . Nevertheless, mere negligence or malpractice does not violate the eighth amendment.

Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990).

Upon reviewing the record in this case, the court concludes that there is no evidence that the medical care plaintiff received - - or lack thereof - - presents a claim of constitutional magnitude. Plaintiff was promptly diagnosed with skin cancer, it was treated soon after diagnosis, and she received follow-up care. If anything, she simply disagrees with the medical care received. However, "inmates are not entitled to the best medical care or the particular medical care of the inmate's choosing." Blankenship v. SWVRJ-Abingdon, 2009 WL 2207931, *2 (W.D. Va. 2009). Based on the foregoing and for the additional reasons stated in the PF&R, plaintiff's objections to the medical care received for her skin cancer are OVERRULED.

**D.   *Objections No. 6, 7, and 8***

Plaintiff's next set of objections concern the magistrate judge's treatment of her claim regarding H. Pylori. She contends

that she did in fact exhaust her administrative remedies with respect to this claim.

On April 2, 2010, plaintiff submitted a number of exhibits related to Administrative Remedy 464863 which discuss her claim concerning treatment for H. Pylori. It is unclear from the PF&R whether plaintiff's claim regarding H. Pylori was dismissed based on a failure to exhaust or on the merits. See PF&R at 17 n.10. For this reason, the court will refer this matter back to Magistrate Judge VanDervort to determine whether plaintiff has exhausted her claim regarding H. Pylori and for a recommendation regarding disposition.

**E.**     *Objections No. 11 and 12*

Plaintiff's next objects to the magistrate judge's recommendation that her claims of inadequate dental care be dismissed for failure to exhaust. Because plaintiff did not exhaust her administrative remedies regarding her allegations of inadequate dental care, her objections to the PF&R on this subject are OVERRULED.

**F.**     *Objections No. 15 and 16*

Plaintiff also objects to the magistrate judge's conclusion that plaintiff had failed to establish supervisory liability on the part of defendants Hickey and Lowe. In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009), the Supreme Court held that government officials may not be held liable under § 1983 for

unconstitutional conduct of their subordinates under a theory of respondeat superior and that, because vicarious liability is inapplicable, plaintiff must plead that each government offical-defendant, <u>through his or her own actions</u>, has violated the Constitution.  Magistrate Judge VanDervort is correct that plaintiff has not stated a claim against defendants Hickey and Lowe and her objections on this point are OVERRULED.

**G.**     *Objection No. 18*

By Order entered August 28, 2009, Magistrate Judge VanDervort informed plaintiff that he was construing her complaint as a <u>Bivens</u> action.  Plaintiff was further directed to inform the court in writing if her intent was to file a claim under the Federal Tort Claims Act ("FTCA") against the United States.  Plaintiff did not do this.  Accordingly, the magistrate judge did not consider plaintiff's claim under the FTCA.

Plaintiff now contends, however, that she has filed a claim pursuant to the FTCA and gives a claim number.  For this reason, the court will refer the matter back to Magistrate Judge VanDervort to determine if plaintiff is pursuing relief under the FTCA in this lawsuit and, if so, whether she should be permitted to do so.

### III.  Conclusion

For the reasons discussed above, Magistrate Judge VanDervort's Proposed Findings and Recommendation is **ACCEPTED IN**

**PART AND DENIED IN PART**, as outlined in this court's Memorandum Opinion and Order.  The court **OVERRULES IN PART AND SUSTAINS IN PART** plaintiff's objections to the Proposed Findings and Recommendation.

The court further **ORDERS** as follows:  1) defendants' motion to dismiss and/or for summary judgment (doc. # 37) is **GRANTED** in part and **DENIED** in part as detailed more fully in this Memorandum Opinion and Order; and 2) this matter is **REMANDED** to the magistrate judge for further proceedings consistent with this Memorandum Opinion and Order.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum

Opinion and Order to Magistrate Judge R. Clarke VanDervort, all counsel of record, and to the plaintiff, pro se.

IT IS SO ORDERED this 27th day of September, 2010.

ENTER:

David A. Faber
Senior United States District Judge