```
       IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     BLUEFIELD
```

**ROSALYNN CROSS WITHERSPOON,**

    **Plaintiff,**

v.                                      Civil Action No. 1:07-0802

**UNITED STATES OF AMERICA, et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge VanDervort submitted to the court his Second Proposed Findings and Recommendation ("PF&R") on January 3, 2011, in which he recommended that the District Court: 1) grant the United States' motion to dismiss; 2) grant the motion to dismiss and/or for summary judgment filed by defendants Hickey, Lowe, Blankenship, Rehberg, and Basham-Callaway; 3) dismiss plaintiff's complaint; and 4) remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court. Plaintiff timely filed objections

to the PF&R. The court has conducted a de novo review of plaintiff's complaint and her objections to the magistrate judge's PF&R.

### I. Factual and Procedural Background

On December 10, 2007, while an inmate at FPC Alderson,[1] plaintiff filed a Complaint alleging deliberate indifference in the medical care she received while incarcerated. Named as defendants are: 1) the United States of America; 2) Debra Hickey, former Warden of FPC Alderson; 3) Alice Lowe, Assistant Warden; 4) James Blankenship, Health Services Administrator; 5) Dr. Neal Rehburg, Clinical Director; and 6) Dr. Callaway. Specifically, plaintiff alleges that she received inadequate medical care for her skin cancer and suffered a number of adverse consequences as a result thereof. In her Complaint, she seeks the following relief:

> I ask for my face to be repaired, teeth, and the disfigurement of my face, due to lack of care and failure to follow treatment plan that was given by the surgeon Dr. Paine. I should be compensated monetarily and I ask for 2 (two) million dollars for this. Also I ask to be compensated for the pain and suffering I endured in this an [sic] still am suffering with today because of all of this.

Complaint p.5. Plaintiff also complains of her diagnosis with H. Pylori and the treatment she received for that illness.

---

[1] The Bureau of Prisons' ("BOP") Inmate Locator indicates that plaintiff was released from custody on April 3, 2009.

On July 8, 2010, Magistrate Judge VanDervort entered his First Proposed Findings and Recommendation in this matter recommending that defendants' motion to dismiss or, in the alternative, motion for summary judgment be granted and that plaintiff's complaint be dismissed.  Plaintiff filed objections to that PF&R.

By Memorandum Opinion and Order entered on September 27, 2010, the court granted defendants' motion to dismiss and/or summary judgment in part and referred the matter back to Magistrate Judge VanDervort for reconsideration of plaintiff's claims concerning 1) H. Pylori and 2) brought pursuant to the Federal Tort Claim Act.  Specifically, the magistrate judge was directed to make a determination as to (1) "whether plaintiff has exhausted her claim regarding H. Pylori and for a recommendation regarding disposition" and (2) whether "plaintiff is pursuing relief under the FTCA in this lawsuit and, if so, whether she should be permitted to do so."  It is to those issues that the instant PF&R is directed.

As to the FTCA claim, Magistrate Judge VanDervort has recommended that it be dismissed because the record does not show that Witherspoon complied with the requirements of West Virginia Code § 55-7B-6.  The second PF&R also recommends that the H. Pylori claims be dismissed because they were not exhausted prior to filing suit.

## II. Analysis

Pursuant to § 636(b)(1), a district court is required to conduct a de novo review of those portions of the magistrate judge's report to which a specific objection has been made. The court need not conduct de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Fed. R. Civ. P. 72(b) ("The district court to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.").

For the most part, plaintiff's "objections" do not direct the court to any specific error. For example, she states "I do not agree with a dismissal and would ask for a review of all the evidence and all medical records submitted." Objections at p.1. However, to the extent possible, the court will attempt to discuss those objections which might be deemed responsive to the PF&R.

A.   *Failure to Comply with West Virginia Code § 55-7B-6*

Magistrate Judge VanDervort found that plaintiff did not comply with the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6, and that, as a result, her

4

medical negligence claim against the United States under the Federal Tort Claims Act should be dismissed.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), provides in pertinent part:

> [T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). The FTCA holds the United States liable "to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; United States v. Orleans, 425 U.S. 807, 813 (1976).

"Under the FTCA, West Virginia law governs this action. In West Virginia, the Medical Professional Liability Act ("MPLA") controls medical malpractice claims." Dreenen v. United States, 2010 WL 1650032, *2 (4th Cir. 2010); Callahan v. Cho, 437 F. Supp. 2d 557, 561 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp. 2d 805, 808-09 (N.D.W. Va. 2004); Osborne v. United

States, 166 F. Supp. 2d 479, 496-97 (S.D.W. Va. 2001); Bellomy v. United States, 888 F. Supp. 760, 764-65 (S.D.W. Va. 1995).

The MPLA provides that in order to bring such a claim, a plaintiff must prove that:

> (1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (2) Such failure was a proximate cause of the injury or death.

W. Va.Code § 55-7B-3(a).  When a medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and treated, or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required.  Banfi v. American Hosp. for Rehabilitation, 539 S.E.2d 600, 605-06 (W. Va. 2000).[2]

Additionally, under West Virginia Code § 55-7B-6, certain requirements must be met before a person may even file an action against a health care provider.  This section provides in pertinent part:

---

[2] "West Virginia law stipulates that medical experts must establish the applicable standard of care in medical malpractice cases.  W. Va. Code § 55-7B-7(a).  The only exceptions to this requirement, where the breach of duty is so gross as to be apparent or the standard is within the common knowledge of lay jurors, are the same as the exceptions to the medical certificate requirement." Callahan v. Cho, 437 F. Supp. 2d 557, 564 (E.D. Va. 2006).

> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the Rules of Civil Procedure.

W. Va. Code § 55-7B-6. Courts have held that a plaintiff's failure to adhere to the pre-filing requirements of the MPLA warrants dismissal. See, e.g., Callahan v. Cho, 437 F. Supp. 2d 557, 565 (E.D. Va. 2006); Stanley v. United States, 321 F. Supp.

2d 805, 809 (N.D.W. Va. 2004)

In her objections, plaintiff does not argue that she has complied with the pre-filing requirements of the MPLA. And, to the extent that she argues they are inapplicable to her claims under the FTCA, that argument is without merit. See Dreenen v. U.S., 2010 WL 1650032, *2 (4th Cir. 2010). Furthermore, the injuries she complains of are not within the understanding of lay jurors by resort to common knowledge and experience and, accordingly, she is not excused from filing a screening certificate of merit. Therefore, because this court finds that plaintiff has not complied with the requirements of West Virginia Code § 55-7B-6, the dismissal of her FTCA claim, to the extent it alleges medical malpractice, is appropriate. Any objection to this finding is OVERRULED.

B. *Failure to Exhaust Administrative Remedies*

Magistrate Judge VanDervort recommended that plaintiff's Bivens claim be dismissed because she failed to exhaust her administrative remedies prior to filing suit. Plaintiff's objections do not specifically address this deficiency and, instead, she merely argues that she exhausted her administrative remedies.

The Prison Litigation Reform Act (the "PLRA") states that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Anderson v. XYZ Corr. Health Serv., Inc., 407 F.3d 674, 675 (4th Cir. 2005). The Supreme Court has stated that the PLRA's exhaustion requirement requires proper exhaustion - - using all the steps the agency holds out and doing so properly. Woodford v. Ngo, 548 U.S. 81, 90-93 (2006).

The fact that plaintiff exhausted her administrative remedies concerning her H. Pylori claim after filing suit does not save the claim from dismissal. The plain text of the statute makes clear exhaustion must occur prior to commencing a federal action. 42 U.S.C. § 1997e(a) ("No action shall be brought . . . until such administrative remedies as are available are exhausted."). See Johnson v. Taylor, 2009 WL 691207, *5 (W.D. Va. 2009). Furthermore, every federal appeals court to have considered the issue has agreed that exhaustion is a precondition to filing suit. See id. at n. 16 and authorities cited therein. For this reason, plaintiff's objection is OVERRULED.

### III. Conclusion

Based on the foregoing, the court accepts Magistrate Judge VanDervort's findings and recommendation. Accordingly, the United States' motion to dismiss is **GRANTED**; the motion to dismiss and/or for summary judgment filed by defendants Hickey, Lowe, Blankenship, Rehberg, and Basham-Callaway is **GRANTED**;

plaintiff's complaint is **DISMISSED**; and the Clerk is directed to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and to the plaintiff, pro se.

IT IS SO ORDERED this 30th day of September, 2011.

                                ENTER:

                                *David A. Faber* (signature)
                                David A. Faber
                                Senior United States District Judge